UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARRELL A. DRESSER,
Plaintiff-Appellant,

v.

W. MERIL BACKUS; RICHARD BACKUS;
BACKUS ASSOCIATES, INCORPORATED;
UNIVERSAL LIFE ASSOCIATES,                                    No. 96-2099
INCORPORATED,OF MARYLAND,
Defendants-Appellees,

and

MARJORIE BACKUS,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-94-1643-JFM)

Submitted: February 20, 1998

Decided: March 18, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph Gordon, GORDON & SIMMONS, Frederick, Maryland; Gove
L. Allen, Mesa, Arizona, for Appellant. George B. Huckabay, ORT-
MAN, LOVE & HUCKABAY, Bethesda, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell A. Dresser appeals from the district court's order granting summary judgment to the Defendants on his action seeking recovery of 300 shares (50%) of the stock of a closely-held corporation, Universal Life Associates of Maryland (ULA/MD). For the reasons that follow, we affirm.

In December 1982, Dresser joined W. Meril Backus in an insurance marketing effort designed to recruit insurance agents and brokers to sell life insurance products for particular insurance companies and for which they received "marketing overrides" (which, in turn, were based on a percentage of sales commissions paid to agents and brokers). Dresser and Backus later incorporated the business in Washington, D.C., as Universal Life Associates ("ULA/DC"), with Dresser initially owning 600 shares. He then sold 200 shares to Backus for $10,000. In January 1987, Backus purchased an additional 300 shares of stock from Dresser, leaving Dresser with 100 shares and Backus with 500 shares.[1]

Dresser became ill in 1986, and Backus incorporated Universal Life Associates of Maryland ("ULA/MD") in August 1987. ULA/MD issued 300 shares of stock each to Dresser and Backus. In early 1989, Dresser assigned and transferred his 300 shares of ULA/MD stock to

_____

[1] There is a dispute, not relevant to the outcome of the case, as to Backus' belief regarding the parties' relative ownership interests in ULA/DC. According to Backus, Dresser led him to believe that he (Dresser) actually owned substantially more stock in ULA/DC than he did and that Backus purchased the additional 300 shares of stock in January 1987 based on his (false) assumption that the purchase was necessary to make Backus an equal owner with Dresser. According to Dresser, however, Backus was fully aware of exactly how much stock each of them held before and after the sale of Dresser's 300 shares.

2

Marie Arient. Dresser and Arient married in Arizona the following month. After the couple separated in 1991, Dresser filed suit in Arizona state court seeking a divorce from Arient and the return of the ULA/MD stock. The suit also named ULA/MD and Backus, among others, as additional respondents.

In early 1992, Arient transferred her 300 shares of ULA/MD stock to Backus. In July 1992, Dresser obtained a default judgment against Arient in the divorce proceeding. However, the order dismissed with prejudice the claims against ULA/MD and Backus for lack of personal jurisdiction. Nevertheless, the Arizona state court awarded Dresser fifty percent of the stock in ULA/MD and all dividends or benefits paid thereon since September 1, 1991. The court's order was based on Dresser's allegation that he had not transferred the stock to Arient; but rather that he had placed title of the stock in Arient's name solely for estate planning purposes and that Arient had agreed to return the stock if the parties ever separated. At the time the underlying action was filed, Arient's motion for relief from the default judgment was pending in the Arizona state court.[2] ULA/MD was dissolved in April 1992.

Dresser filed this action in June 1994 against Backus, Backus' son (Richard Backus), Backus Associates, Inc., and ULA/MD, in which he alleged breach of fiduciary duty, misrepresentation, and conspiracy to defraud. Dresser sought $500,000 in compensatory damages plus punitive damages and various equitable remedies. The district court granted summary judgment in favor of the Defendants based on the conclusion that Dresser had unconditionally transferred his interest in the stock to Arient in 1989 and, therefore, lacked standing to bring this action. Alternatively, the district court found that Dresser was barred from any relief under the doctrine of "unclean hands." Dresser noted a timely appeal.

This court reviews the granting of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). The party moving for summary judgment has the burden

_____

[2] On February 10, 1998, the Arizona Court of Appeals held that the trial court properly awarded the stock to Dresser and that Dresser's action against Arient for conversion was improperly dismissed.

3

of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). The party opposing the motion must come forward with some minimal facts to show that summary judgment is not warranted. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We construe all facts and draw reasonable inferences in the favor of the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). With this standard in mind, we find that summary judgment was properly entered in favor of the Defendants.

Backus submitted unrefuted documentary evidence that (1) Dresser notified ULA/MD by letter of his desire to transfer his stock to Arient; (2) ULA/MD's Board of Directors approved the transfer (conditional upon Arient entering into a Voting Trust Agreement in favor of Backus); (3) the stock was assigned and transferred by Dresser to Arient on March 1, 1989; (4) dividends on the stock were paid to Arient; (5) Backus purchased the stock from Arient in April 1992; (6) the Maryland State Department of Assessments and Taxation approved the Articles of Dissolution of ULA/MD on April 9, 1992; and (7) all of these events occurred prior to the default judgment obtained by Dresser in Arizona.

Dresser maintains that, despite these facts, the district court was required to give full faith and credit to the Arizona judgment against Arient awarding him the ULA/MD stock. Federal courts are required to give a judgment of the rendering court the same full faith and credit as that judgment would have in the rendering state. See 28 U.S.C. § 1738 (1994). However, the Arizona judgment is valid only against Arient. Backus was not a party to that action and the Arizona court had no personal jurisdiction over him. Accordingly, the district court properly concluded that Dresser unconditionally transferred his interest in the ULA/MD stock on March 1, 1989, and that the Arizona judgment provided no grounds for relief with respect to the named Defendants. Therefore, summary judgment was properly entered in favor of the Defendants.

The district court also concluded that Dresser was not entitled to equitable relief under the doctrine of unclean hands. Based on evidence presented by Backus that Dresser, while under oath, misrepre-

4

sented his credentials in the Arizona state court proceedings in order to be qualified as an expert and that he had also misrepresented his percentage of ownership interest in ULA/DC, we cannot say that the district court's conclusion was erroneous.

We therefore affirm the district court's order awarding summary judgment to the Defendants.**3** We dispense with oral argument on motion of the parties and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**3** In light of this conclusion, we deny as moot Dresser's motion to have the case transferred to a different district court judge upon remand.

5